Christian E. Mammen, Oregon Bar No. 181778
chris.mammen@wbd-us.com
Carrie Richey (admitted *pro hac vice*)
carrie.richey@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (408) 341-3067

John D. Wooten IV (admitted *pro hac vice*)
jd.wooten@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
300 North Greene Street, Suite 1900
Greensboro, NC 27401
Telephone: (336) 574-8090

Attorneys for Plaintiff PASCO Scientific

Klaus H. Hamm, OSB No. 091730
klaus.hamm@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

Attorneys for Defendant
Vernier Software & Technology, LLC

(*additional attorneys listed on signature block*)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PASCO SCIENTIFIC,<br><br>    Plaintiff,<br><br>  v.<br><br>VERNIER SOFTWARE & TECHNOLOGY LLC,<br><br>    Defendant. | Case No.: 3:21-cv-01523-IM<br><br>**JOINT RULE 26(F) REPORT AND DISCOVERY PLAN** |

Pursuant to Local Rules 16 and 26 and Federal Rules of Civil Procedure 16 and 26(f), Plaintiff PASCO Scientific ("PASCO" or "Plaintiff") and Defendant Vernier Software & Technology LLC ("Vernier" or "Defendant") (the parties collectively referred to as "the Parties"), respectfully submit the following Joint Rule 26(f) Report and Discovery Plan and ask that the Court enter a Discovery and Scheduling Order consistent with this Joint Rule 26(f) Report and Discovery Plan.

### 1.   NATURE OF THE CASE

This is a patent infringement case. PASCO asserts that Vernier has infringed at least claim 1 of U.S. Patent Nos. 10,481,173 and 10,753,957. PASCO seeks damages and a permanent injunction. Vernier has not yet filed an Answer, but has filed a Motion to Dismiss based on 35 U.S.C. § 101. Both parties seek a trial by jury.

### 2.   AMENDMENT OF PLEADINGS

#### A.   Plaintiff's Position.

Other than the alternative relief proposed in Plaintiff's opposition to Defendant's motion to dismiss, Plaintiff does not anticipate amendments to the pleadings, though Plaintiff does anticipate that it may identify and disclose during discovery additional asserted claims and/or accused products, in addition to those identified in the Complaint and attachments. Plaintiff proposes that any future amendments be governed by the standards set forth in Fed. R. Civ. P. 15.

#### B.   Defendant's Position.

As noted above, Defendant has filed a Motion to Dismiss based on 35 U.S.C. §101, so it has not yet filed an Answer. Although it does not currently anticipate amendments to the pleadings, Defendant reserves the right to request leave of the Court to do so based on facts it learns through fact discovery, including information it learns through documents and/or depositions related to the prosecution of the Asserted Patents. Defendant proposes that any future amendments be governed by the standards set forth in Fed. R. Civ. P. 15 and in accordance with any deadlines in the Court's schedule.

3. **DISCLOSURES**

The Parties do not waive Rule 26(a)(1) initial disclosures.

The Parties propose adoption of the disclosure requirements set forth in the Patent Local Rules of the Northern District of California for the purposes of this action. Under the Northern District of California's Patent Local Rules, the parties' disclosures of infringement contentions and documents, invalidity contentions and documents, claim construction positions, claim construction briefing, claim construction hearing, and other patent-related disclosures are indexed to a schedule that starts with the initial Case Management Conference, which has not yet been scheduled in this action. Once the date of the Case Management Conference has been set in this action, the Parties will propose modifications to the Patent Local Rule deadlines and submit a proposed Scheduling Order.

4. **DISCOVERY**

   A. **Agreed Positions.**

The Parties have agreed as follows:

1. No modification to the discovery limits set forth in the Federal Rules of Civil Procedure is needed.

2. The Parties propose adoption of the framework of the Patent Local Rules of the Northern District of California, with modifications of the deadlines, for the purposes of this action.

3. A Stipulated Protective Order is needed in this case. The Parties will propose a form of 3-tier protective order based on the standard-form order proposed on the Court's website.

   B. **Evidence Preservation.**

The Parties have confirmed that they have both instituted litigation holds.

   C. **Electronically Stored Information.**

      1. **Plaintiff's Position.**

In lieu of the Court's Model Order Regarding E-Discovery in Patent Cases referenced in Local Rule 26-6, Plaintiff proposes as follows:

**Electronic Communications**: The following limitations on discovery of electronic communications (including e-mail, text messages, Slack channels, and the like), which are based on the Court's Model Order: (1) electronic communications shall not be deemed to be included within document requests that do not specifically request electronic communications; (2) electronic communications requests, collection and production shall be phased to occur after initial responses are due to any first set of non- electronic-communications document requests; (3) each side shall be presumptively limited to five electronic communications custodians, but that number may be enlarged by agreement or order of the Court for good cause shown; (4) the parties shall confer in good faith to agree on reasonable restrictions concerning the scope of electronic communications production, including for example, date restrictions and keyword searches.[1]

**Documents other than Electronic Communications**: The Parties shall not be required to use search terms or other specific approaches to the collection and production of documents. The Parties are encouraged to be transparent about their use of technology-assisted review tools and other techniques used to manage the scope and burden of document discovery.

**Form of production**: Documents will be produced in single image TIFF format with Relativity-compatible (e.g., *.opt or *.dat) load files (see Appendix 1 for a list of fields to be included in the load files) and an accompanying text file (*.txt) of extracted text. Other than the metadata to be included in the Relativity-compatible load files, the parties shall not be required to produce metadata. Native copies of produced documents should, however, be retained with metadata intact in the event that good cause is shown for the production of such native files and/or metadata. Documents that are not readily amenable to imaging in TIFF format (e.g., spreadsheets, PowerPoint and similar presentations, audio and video files) shall be produced in native format

---

[1] To the extent search terms are used, the search terms shall be narrowly tailored to particular issues. A conjunctive combination of multiple words or phrases (*e.g.,* "and") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "or") broadens the search, and thus each word or phrase shall count as a separate search unless they are variants of the same term. Should a party serve electronic communication production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this order, the requesting party shall bear all reasonable costs caused by such additional discovery.

with original metadata intact.[2]  Further: Word and other word processor documents shall be produced reflecting track changes and comments, PowerPoint and other presentation documents shall be produced with speaker notes. Where the original of a produced document is in color, and color is material to the interpretation of the document, the receiving party may request that the document be produced in color.

**Reasons for Deviating from the Court's Model Order**: Plaintiff's proposal tracks the substance of the Model Order, but provides some important clarifications and details concerning, for example: clarification concerning use of metadata in load files versus production of native documents, specification of fields to include in load files, and broader reference to electronic communications instead of just e-mail.  Additionally, for documents other than electronic communications, Plaintiff believes that traditional request-and-response approaches will be more efficient than use of search terms.

2. **Defendant's Position.**

Defendant proposes using the Court's Model Order Regarding E-Discovery in Patent Cases referenced in Local Rule 26-6.

5. **CLAWBACK AND FEDERAL RULE OF EVIDENCE 502**

The Parties jointly agree to the provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure with regard to issues relating to claims of privilege or protection as to trial-preparation material. The inadvertent production of privileged information will not waive any privilege. The Parties will include in their proposed Stipulated Protective Order an order on this subject under Federal Rule of Evidence 502.

6. **SETTLEMENT AND ADR**

The Parties have agreed that it will be more productive to confer about an ADR procedure following the Court's ruling on Defendant's motion to dismiss.  The Parties agree to hold an ADR

---

[2] For each document produced in native format, a Bates number placeholder with the text "Document Produced in Native Format" or similar text shall be included with the production and the native file shall be named with the Bates number for the corresponding placeholder.

conference within 14 days of such ruling, and to file a Report with the Court within 7 days after such conference.

## 7. SCHEDULING

The Parties held a Rule 26(f) conference on January 19, 2022. Counsel for the Parties contacted the Court's chambers to schedule a Case Management Conference but were informed that the Court would prefer to hold the conference and set a schedule after Vernier's Motion to Dismiss has been ruled upon.

### A. Plaintiff's Position.

PASCO proposes the following dates and deadlines for various aspects of this action:

| Case Event | PASCO's Proposal[3] |
|---|---|
| Rule 26(a) Initial Disclosures | 2/2/22 |
| Deadline to Issue Scheduling Order, per FRCP 16(b)(2) | 2/18/22[4] |
| Patent Local Rule Disclosures | At specified intervals after CMC Order, as provided in ND Cal Local Rules |
| Fact Discovery Cut-off | 1/23/23 |
| Opening Expert Reports by Party with Burden of Proof | 2/20/23 |
| Rebuttal Expert Reports | 3/20/23 |
| Expert Discovery Cutoff | 4/17/23 |
| Deadline to File Summary Judgment or Other Dispositive Motions | 5/15/23 |
| Deadline to File Motions in Limine, Trial Evidence List, Contentions of Fact and Law | 42 days before Final Pretrial Conference |
| Final Pretrial Conference | 9/18/23 or at such later time that is convenient for the Court |
| Trial | 10/9/23 or at such later time that is convenient for the Court |

If additional discovery or motion practice is necessitated due to any amended pleadings, these issues can be raised at such time they materialize.

---

[3] PASCO's proposal is based on a calendar that would bring the case to trial within 24 months of the Complaint being filed.
[4] 60 days after Vernier's appearance.

5

JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

Because the parties have held their Rule 26(f) conference, discovery is now open. PASCO served discovery requests on Vernier to which a response is due February 28, 2022. Vernier did not raise the issue of a stay at the parties' Rule 26(f) conference. Precisely because the Case Management Conference or a Hearing on the Motion to Dismiss has not been set, discovery should proceed to avoid delay caused by defendant's meritless Motion to Dismiss. Notably, Vernier has not challenged this Court's jurisdiction to proceed over this case and has not filed a motion to stay discovery.

### B. Defendant's Position.

Because Vernier cannot predict when the Motion to Dismiss will be ruled upon, it proposes that the Parties confer on a case schedule within seven (7) days after the Motion has been ruled upon and submit a proposed scheduling order with dates and deadlines within fourteen (14) days after the Motion has been ruled upon. Additionally, Defendant proposes that the start of fact discovery be delayed until Vernier's Motion has been ruled upon in order to preserve the potentially unnecessary expenditure of resources.

The parties contacted the Court's chambers on January 21, 2022 to set a scheduling conference. Despite knowing of the Court's intention regarding scheduling, PASCO served discovery requests on Vernier on January 27, 2022. Vernier did not raise the issue of a delay to the start of discovery at the parties' Rule 26(f) conference (which took place on January 19, 2022) because it was not aware of the Court's preference to decide its Motion to Dismiss before setting a schedule for this case. Vernier believes that its position regarding scheduling and a delay to the start of discovery is consistent with the intention of the Court.

### 8. OTHER

The Parties do not presently anticipate other issues affecting the status or management of this action.

Respectfully submitted,

Date: February 2, 2022

By: /s/Christian E. Mammen
Christian E. Mammen, Oregon Bar No. 181778

          Christian E. Mammen, Oregon Bar No. 181778
          chris.mammen@wbd-us.com
          Carrie Richey (admitted *pro hac vice*)
          carrie.richey@wbd-us.com
          WOMBLE BOND DICKINSON (US) LLP
          1841 Page Mill Road, Suite 200
          Palo Alto, CA 94304
          Telephone: (408) 341-3067

          Attorneys for Plaintiff PASCO Scientific

Date: February 2, 2022          By: */s/Siddhesh Pandit*
          Siddhesh Pandit (*admitted pro hac vice*)

          Klaus H. Hamm, OSB No. 091730
          klaus.hamm@klarquist.com
          KLARQUIST SPARKMAN, LLP
          121 S.W. Salmon St., Ste. 1600
          Portland, Oregon 97204
          Telephone: (503) 595-5300
          Facsimile: (503) 595-5301

          Siddhesh V. Pandit (*pro hac vice*)
          svp@maierandmaier.com
          Timothy J. Maier (*pro hac vice*)
          tjm@maierandmaier.com
          MAIER & MAIER PLLC
          345 South Patrick Street
          Alexandria, Virginia 22314
          Telephone: (703) 740-8322
          Facsimile: (703) 991-7071

          Michael J. Collins (*pro hac to be submitted*)
          mjc@maierandmaier.com
          MAIER & MAIER PLLC
          2777 Allen Parkway, Suite 1000
          Houston, TX 77019
          Telephone: (713) 452-2620
          Facsimile: (703) 991-7071

          Attorneys for Defendant
          Vernier Software & Technology LLC

## FILER'S ATTESTATION

Pursuant to Civil Local Rule 11 regarding signatures, I, Christian E. Mammen, attest that concurrence in the filing of this document has been obtained.

Date: February 2, 2022                    By: /s/Christian E. Mammen
                                              Christian E. Mammen, Oregon Bar No. 181778

**APPENDIX 1 – Standard Fields for Document Production Load Files**

- Bates Beg
- Bates End
- Bates Beg Attach
- Bates End Attach
- Custodian
- All Custodians (if horizontal deduplication is used)
- Email From
- Email To
- Email CC
- Email BCC
- Email Subject
- Date/Time Sent (alternatively, split into separate date and time fields)
- Date/Time Received (alternative to date/time sent)
- Time Zone (the time zone the files were processed to, not necessarily where the custodian resides)
- File name
- Date Created
- Date Last Modified (often not reliable)
- Author
- Title/Subject (for MS Office documents)
- All File Paths (for horizontal deduplication)
- Has Redactions
- Confidentiality
- Attachment Count
- Attachment Bates Numbers
- Application or File Type (Word, Email, Excel etc.)
- Document Extension
- Hash (usually MD5)
- Native File Link
- Text Links