Klaus H. Hamm, OSB No. 091730
klaus.hamm@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

Siddhesh V. Pandit (*pro hac vice*)
svp@maierandmaier.com
Timothy J. Maier (*pro hac vice*)
tjm@maierandmaier.com
MAIER & MAIER PLLC
345 South Patrick Street
Alexandria, Virginia 22314
Telephone: (703) 740-8322
Facsimile: (703) 991-7071

*Attorneys for Defendant*
*Vernier Software & Technology, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
DIVISION OF PORTLAND

| | |
|---|---|
| PASCO SCIENTIFIC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VERNIER SOFTWARE & TECHNOLOGY, LLC,<br><br><br>　　　　　Defendant. | Case No.: 3:21-cv-01523<br><br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT</u>**

Defendant Vernier Software & Technology LLC ("Vernier" or "Defendant") hereby answers the Original Complaint (ECF No. 1) ("Complaint") of PASCO Scientific ("Plaintiff" or "PASCO") and asserts defenses as set forth below. Defendant denies all allegations in the Original Complaint unless specifically admitted herein. Defendant reserves the right to raise additional defenses and counterclaims based on discovery and further factual investigation in the case.

1

**NATURE OF THE ACTION**

1.      Defendant admits that this purports to be an action for patent infringement of U.S. Patent Nos. 10,481,173 ("the '173 Patent") and 10,753,957 ("the '957 Patent") under U.S. Patent Laws 35 U.S.C. § 1 *et seq.* Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint and therefore denies them.

2.      Defendant admits that it released the Go Direct Sensor Cart in 2018. Defendant denies that it infringes PASCO's intellectual property, that it fails to innovate, that the Go Direct Sensor Cart is a copycat of PASCO's product, or that Vernier copied the tracks on which the carts can be used. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 of the Complaint and therefore denies them.

3.      Defendant admits that PASCO seeks to recover damages and an injunction, but denies that PASCO is entitled to such relief. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

**PARTIES**

4.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and therefore denies them.

5.      Defendant admits that it is a limited liability corporation organized under the laws of the state of Oregon with a principal place of business at 13979 SW Millikan Way, Beaverton, Oregon.

**JURISDICTION AND VENUE**

6.      Defendant admits that this action purportedly arises under the United States patent laws, 35 U.S.C. § 101, et seq. Defendant admits that this Court has jurisdiction over the subject matter of actions arising under 28 U.S.C. §§ 1331 and 1338(a). Defendant denies that it has committed any acts of infringement in this District or elsewhere. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Defendant does not contest that this Court has personal jurisdiction over it for the purposes of this action. Defendant denies that it has committed any acts of infringement in this District or elsewhere. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8.      Defendant does not contest that this Court has personal jurisdiction over it for the purposes of this action. Defendant denies that it has committed any acts of infringement in this District or elsewhere. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9.      Defendant admits that it has a principal place of business at 13979 SW Millikan Way, Beaverton, Oregon. Defendant does not contest venue in this judicial district, but does not waive the right to contest venue in any other case or action in this District. Defendant admits that it is organized in Oregon and conducts business in Oregon. Defendant denies that it has committed any acts of infringement in this District or elsewhere. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

## FACTS

10.     Defendant admits that the '173 Patent on its face has the title "Wireless Smart Devices Having Integrated Force, Position, Acceleration, and Rotational Sensing For Science Education" and has an issue date of November 19, 2019. Defendant also admits that what purports to be a copy of the '173 Patent is attached to the Complaint as Exhibit A. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set

forth in Paragraph 10 of the Complaint and therefore denies them.

11.     Defendant admits that the '957 Patent on its face has the title "Wireless Smart Devices Having Integrated Force, Position, Acceleration, and Rotational Sensing For Science Education," purports to be a continuation of the '173 Patent, and has an issue date of August 25, 2020. Defendant also admits that what purports to be a copy of the '957 Patent is attached to the Complaint as Exhibit B. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Complaint and therefore denies them.

12.     Denied.

13.     Defendant admits that it applied for and was granted U.S. Patent No. 9,488,503 entitled "Cart Movement Detection System For Dynamics Track," which is now expired. Defendant denies that it has committed any acts of infringement in this District or elsewhere, that PASCO has a superior wireless motion encoder system, that Defendant began to offer a copycat version of it, and that Defendant's patented technology is obsolete. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the Complaint and therefore denies them.

14.     Defendant admits that the face of the '173 Patent states that PASCO filed its application for the '173 Patent on January 5, 2016 and that it issued on November 19, 2019. Defendant admits that the face of the '957 Patent states that PASCO filed its application for the '957 Patent as a continuation of the application that led to the '173 Patent, and that the '957 Patent issued on August 25, 2020. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of the Complaint and therefore denies them.

15.     Defendant admits that it announced the release of its Go Direct Sensor Cart in 2018, and released it in 2018. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Denied.

17.     Defendant admits that the Complaint attaches a version of Vernier's Go Direct Sensor Cart User Manual ("User Manual") as Exhibit C. Defendant admits that the User Manual includes statements describing Vernier's Go Direct Sensor Cart. Defendant admits that the Go Direct Sensor Cart can be connected wireless via Bluetooth to a mobile device or a computer.

18.     Defendant admits that the User Manual includes statements describing Vernier's Go Direct Sensor Cart. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19.     Defendant admits that the Go Direct Sensor Cart includes a processor used to make various calculations. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20.     Defendant admits that it received a letter from PASCO identifying the '173 Patent on January 9, 2020. Defendant admits that it received another letter from PASCO identifying the '957 Patent on September 4, 2020. Defendant denies that it has committed any acts of infringement in this District or elsewhere. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21.     Denied.

22.     Denied.

## COUNT I

23.     Defendant repeats and incorporates by reference each of the answers in paragraphs 1 through 22 above as if fully set forth herein.

24.     Defendant admits that a claim chart purporting to compare the Go Direct Sensor Cart to claims of the '173 Patent is attached to the Complaint as Exhibit D. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.     Defendant admits that Paragraph 25 of the Complaint copies claim 1 of the '173 Patent. To the extent Paragraph 25 includes any additional allegations, Defendant denies the same.

26.     Defendant admits that Paragraph 26 of the Complaint includes quotations from Exhibit C to the Complaint. Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27.     Defendant admits that Paragraph 27 of the Complaint includes quotations from Exhibit C to the Complaint. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28.     Defendant admits that Paragraph 28 of the Complaint includes quotations from Exhibit C to the Complaint. Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29.     Defendant admits that Paragraph 29 of the Complaint includes quotations from Exhibit C to the Complaint. Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30.     Defendant admits that it received a letter from PASCO identifying the '173 Patent on January 9, 2020. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31.     Defendant admits that it received a letter from PASCO identifying the '173 Patent on January 9, 2020. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

## COUNT II

36.     Defendant repeats and incorporates by reference each of the answers in paragraphs 1 through 35 above as if fully set forth herein.

37.     Defendant admits that a claim chart purporting to compare the Go Direct Sensor Cart to claims of the '957 Patent is attached to the Complaint as Exhibit E. Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

38.     Defendant admits that Paragraph 38 of the Complaint copies claim 1 of the '957 Patent. To the extent Paragraph 38 includes any additional allegations, Defendant denies the same.

39.     Defendant admits that Paragraph 39 of the Complaint includes quotations from Exhibit C to the Complaint. Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40.     Defendant admits that Paragraph 40 of the Complaint includes quotations from Exhibit C to the Complaint. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41.     Defendant admits that Paragraph 41 of the Complaint includes quotations from Exhibit C to the Complaint. Defendant denies the remaining allegations in Paragraph 41 of the Complaint.

42.     Defendant admits that Paragraph 42 of the Complaint includes quotations from Exhibit C to the Complaint. Defendant denies the remaining allegations in Paragraph 42 of the

Complaint.

43.    Defendant admits that it received a letter from PASCO identifying the '957 Patent

on September 4, 2020. Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

44.    Defendant admits that it received a letter from PASCO identifying the '957 Patent

on September 4, 2020. Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

## Plaintiff's Jury Demand

Defendant states that no response is required.

## Plaintiff's Prayer for Relief

Defendant states that to the extent any response is required to Plaintiff's Prayer for Relief,

Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without altering the proper burden of proof on any issues, Defendant states the following

defenses and affirmative defenses. Defendant reserves the right to assert additional defenses and

affirmative defenses that may be discovered and/or substantiated during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE
(Patent Non-Infringement)

Defendant has not infringed and does not infringe, directly or indirectly, any valid,

enforceable, and properly construed claim of the '173 Patent or the '957 Patent, literally or under the

doctrine of equivalents. Further, Defendant has not performed any act in violation of any rights purportedly belonging to Plaintiff.

## SECOND AFFIRMATIVE DEFENSE
### (Patent Invalidity, Ineligibility, and Unenforceability)

The claims of the '173 Patent and '957 Patent are invalid, ineligible, or unenforceable for failure to satisfy one or more of the requirements of patentability set forth in 35 U.S.C. §

1 et seq., including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention. As another example, the claims are not eligible for patent protection because they are directed to ineligible subject matter.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel/Disclaimer)

On information and belief, Plaintiff is estopped from asserting its claims against Defendant for patent infringement under the doctrine of prosecution history estoppel based on statements, representations, and/or admissions made during prosecution of the '173 Patent and '957 Patent.

## FOURTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

On information and belief, Plaintiff's claims are barred in whole or in part by equitable doctrines including estoppel and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Statutory Limitation on Damages)

Plaintiff's claim for damages against Defendant for alleged infringement of the '173 Patent and '957 Patent is limited by 35 U.S.C. §§ 286, 287, and/or 288.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a jury trial.

## PRAYER FOR RELIEF

Defendant respectfully requests a judgment:

A.     That Plaintiff take nothing by its Complaint, that the Complaint be dismissed with

prejudice and all relief sought by the Plaintiff be denied;

B.     Declaring this case exceptional under 28 U.S.C. § 285, and awarding Defendant its

costs and reasonable attorneys' fees incurred in this action; and

C.     Granting Defendant such other relief as the Court may deem just and proper.


DATED: July 1, 2022                          Respectfully submitted,


                                             *s/ Siddhesh V. Pandit*
                                             Siddhesh V. Pandit (*pro hac vice*)

                                             Klaus H. Hamm, OSB No. 091730
                                             klaus.hamm@klarquist.com
                                             KLARQUIST SPARKMAN, LLP
                                             121 S.W. Salmon St., Ste. 1600
                                             Portland, Oregon 97204
                                             Telephone: (503) 595-5300
                                             Facsimile: (503) 595-5301

                                             Siddhesh V. Pandit (*pro hac vice*)
                                             svp@maierandmaier.com
                                             Timothy J. Maier (*pro hac vice*)
                                             tjm@maierandmaier.com
                                             MAIER & MAIER PLLC
                                             345 South Patrick Street
                                             Alexandria, Virginia 22314
                                             Telephone: (703) 740-8322
                                             Facsimile: (703) 991-7071

                                             ***Attorneys for Defendant***
                                             ***Vernier Software & Technology, LLC***

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 1, 2022 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*s/ Siddhesh V. Pandit*
Siddhesh V.  Pandit
